IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON MILES SIMMERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE DISTRICT ATTORNEY OF | : | |
| THE COUNTY OF CHESTER, et al. | : | No. 06-5008 |

## REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                                March     , 2007

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Brandon Miles Simmers ("Simmers"), an individual currently incarcerated in the Huntingdon State Correctional Institution. For the reasons that follow, I recommend that the petition be dismissed.

**FACTS AND PROCEDURAL HISTORY:**

On October 27, 1999, after a jury trial before the Honorable Howard F. Riley, Jr., Court of Common Pleas of Chester County, Simmers was convicted of murder in the second degree murder, murder in the third degree, robbery, and criminal conspiracy to commit robbery.[1] On November 22, 1999, Judge Riley sentenced Simmers to a term of life imprisonment without parole for the murder convictions and to a concurrent term of eight (8) years, six (6) months to seventeen (17) years of imprisonment for the robbery and conspiracy convictions.

---

[1] The convictions stemmed from the robbery and shooting death of Daniel J. Hesse on February 22, 1999.

Simmers appealed to the Pennsylvania Superior Court raising claims of ineffective assistance of counsel, failure to grant a mistrial and improper jury instructions. On February 21, 2001, the Superior Court affirmed the judgment of sentence. Simmers' petition for allowance of appeal was denied by the Pennsylvania Supreme Court on October 11, 2001.

On October 9, 2002, Simmers filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq., raising various claims of ineffective assistance of counsel. An evidentiary hearing was held on January 23, 2003, during which Simmers' trial and appellate attorneys testified. On December 31, 2003, the PCRA court denied the petition. Simmers filed an appeal to the Pennsylvania Superior Court, which affirmed the decision of the PCRA court on November 4, 2004. Commonwealth v. Simmers, No. 336 EDA 2004 (Pa. Super. Nov. 4, 2004) (unpublished memorandum). The Pennsylvania Supreme Court denied allocatur on September 14, 2005. Commonwealth v. Simmers, No. 1058 MAL 2004 (Sept. 14, 2005).

On November 5, 2006,[2] Simmers filed the instant petition for a federal writ of habeas corpus presenting claims of ineffective assistance of counsel, prosecutorial misconduct and trial court error. Respondents have filed an answer asserting that

---

[2]Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Simmers signed his original habeas petition on November 5, 2006; therefore, I will assume that he presented his petition to prison authorities on that date.

Simmers is not entitled to federal habeas relief because the instant petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), and in the alternative, that the claims are procedurally defaulted and/or meritless.

**DISCUSSION:**

### I. Statute of Limitations

Section 101 of the AEDPA, effective April 24, 1996, amended habeas corpus law by imposing a one (1) year limitation period to applications for writ of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The amended statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending

shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).  Simmers's conviction became final on January 9, 2002, when the time allowed for filing a writ of certiorari to the United States Supreme Court expired.  See S.Ct.R. 13(1) (stating petitioners have ninety (90) days to file a petition for a writ of certiorari); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999).  Consequently, Simmers would normally have had until January 9, 2003, to timely file his § 2254 petition.

However, October 9, 2002 – 273 days into the federal statute of limitations – Simmers filed a PCRA petition.  Because this petition was filed in accordance with Pennsylvania's procedural requirements, it is considered a "properly filed application" for post-conviction relief, thereby tolling the one (1) year limitation period.  See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state post-conviction review is pending shall not be counted toward the one (1) year period of limitation); Artuz v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee").  Such a petition is considered "pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing

4

his state post-conviction remedies, including the time for seeking discretionary review of any court decisions, whether or not such review was actually sought. See Swartz, 204 F.3d at 424. Simmers's petition was thus pending until September 14, 2005, when the Pennsylvania Supreme Court denied his petition for allowance of appeal.[3] At this time, the one (1) year grace period began to run and Simmers had 92 days, or until December 15, 2005, to file a timely § 2254 petition.

Simmers submitted the instant motion for filing on November 5, 2006, over ten (10) months after the limitation period had expired on December 15, 2005. He does not assert that there has been an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. See 28 U.S.C. § 2244(d)(1)(B)-(D). Consequently, Simmers would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

## II.  Equitable Tolling

The United States Supreme Court has not decided whether equitable tolling is available in the context of a federal habeas petition. See, e.g., Lawrence, 127 S.Ct. at 1085 ("[w]e have not decided whether § 2244(d) allows for equitable tolling . . . we

---

[3]The ninety (90) day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the AEDPA limitations period. Lawrence v. Florida, - U.S. - , 127 S.Ct. 1079, 1083 (Feb. 20, 2007).

assume without deciding that it is"). The Third Circuit, however, has ruled that the one (1) year period of limitation for § 2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988).

In assuming that equitable tolling is available, the United States Supreme Court recently stated that a litigant bears the burden of establishing two (2) elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence, 127 S.Ct. at 1085 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (requiring that plaintiff has "in some extraordinary way" been prevented from asserting his rights). The Court also held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling." Id.; see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." See Jones, supra. Simmers presents us with no evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so.[4] Because Simmers

---

[4] Indeed, Simmers does not address the issue of the timeliness of the instant petition in any way.

has not established "extraordinary" circumstances which would justify application of equitable principles, this court finds that there are no circumstances which would make the rigid application of the limitation period unfair.  Consequently, Simmers' petition must be dismissed as untimely.

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this      day of March, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.  There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

                                                  s/Peter B. Scuderi
                                                  PETER B. SCUDERI
                                                  UNITED STATES MAGISTRATE JUDGE